**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In Re: Young Yil Jo

Case No: 6:21-mc-162-PGB-EJK

**REPORT AND RECOMMENDATION**

On October 21, 2021, in case number 6:21-cv-1547-PGB-EJK, the Honorable Paul G. Byron, United States District Judge, prohibited Young Yil Jo (Jo)[1] from filing any future lawsuits in this Division unless the senior Magistrate Judge in this Division found after prescreening that the complaint has arguable merit. Judge Byron directed the Clerk to open a miscellaneous case where "any order determining that a complaint/pleading tendered by [Jo] has no arguable merit or is abusive, frivolous, or duplicitous shall also be filed[.]" Case No. 6:21-cv-1547-PGB-EJK, Doc. 2.

On October 26, 2021, the Clerk opened the instant case, and for more than four years, Jo has submitted the same or similar "Complaint" related to "taxpayer damage" and the presence of bed bugs in an apartment. Since prescreening began, the undersigned has consistently found that

---

[1] Jo names himself as "Petitioner" in one copy of the "Complaint" but provides different names as the "Petitioner" in other documents. *See* Docs. 4 to 10 (listing the extensive list of names Jo uses to identify the "Petitioner" on other "Complaints"). As a judge in the Fort Myers' Division of this Court explained, Jo has a history of filing cases in federal court under other names. Case No. 2:13-cv-118-29DNF at Doc. 4 (citing Case No. 3:12-cv-1007-GPM (S.D. Ill. 2012)). On March 20, 2023, the judge in Fort Myers directed the clerk to "disregard any future pleadings filed in an envelope from 'Young Yil Jo' that bears another individual's name." *Id*. The judge noted that Jo had already filed at least 420 civil lawsuits in a court in the United States. *Id*. The same judge in another Fort Myers case directed the clerk to return to Jo any future civil rights complaints that Jo submits unless certain perquisites are met regarding form and payment. Case No. 2:13-cv-49-29DNF at Doc. 4.

Jo's "Complaints" lack any arguable merit and appear frivolous. Docs. 2 to 11. Overall, the undersigned has prescreened this same or similar "Complaint" 289 times and has entered ten orders denying Jo leave to file the documents with the Court.[2] Despite the undersigned's repeated finding that Jo does not include allegations to warrant the exercise of jurisdiction in this Court, Jo continues to submit the frivolous "Complaint" with very little substantive change to the claim. As a result of the duplicative submissions, the undersigned has wasted significant judicial resources engaged in the prescreening process.[3]

Based on the foregoing, the undersigned finds that further action is necessary to deter Jo's abuse of the judicial process. The undersigned, therefore, recommends that Judge Byron place additional restrictions on Jo's ability to submit documents for review. The undersigned defers to Judge Byron on the parameters of the restrictions but suggests that Judge Byron bar Jo from submitting documents for review via the mail. If Jo intends to file a future lawsuit in this Division, then the undersigned recommends that Judge Byron require Jo to deliver the document in person to the Clerk of Court for the United States District Court for the Middle District of Florida, Orlando Division located at 401 West Central Boulevard, Orlando, Florida 32801. The undersigned

---

[2] A Pacer search reflects that a "Young Yil Jo" has filed 605 cases as a plaintiff. A random selection of some of Jo's more recent cases reflects that Jo is filing the same or similar complaint in California regarding the bed bugs or "taxpayer damage." *See e.g.* Case No. 2:25-cv-2360-MEMF-KS (C.D. Cal. Mar. 17, 2025); Case No. 2:24-cv-2440-MEMF-KS (C.D. Cal. Apr. 4, 2024); and Case No. 2:23-cv-2317-GW-KS (C.D. Cal. Mar. 24, 2023).

[3] Jo has a history of duplicative filing. For example, the United States Court of Appeals for the Ninth Circuit found that "[i]n light of the hundreds of identical actions and appeals filed by [Jo] in the 7 months since the entry of the pre-filing review order in [the] court" that Jo was barred "from filing further civil actions or notices of appeal in the Eastern District of California, the Southern District of California, the Western District of Washington, and/or the District of Montana, against the same defendants and/or raising the same allegations, **in his own name or in any other name**, as those actions previously filed and dismissed in those district courts." Case No. 13-80149 (9th Cir. May 13, 2014) (emphasis added).

otherwise recommends that Judge Byron direct the Clerk to disregard any document Jo submits via mail, regardless of the name used by Jo to submit the documents. The undersigned finds that such restrictions would reduce the Court's burden but still allow the senior Magistrate Judge to prescreen documents and give Jo access to the Court.

Accordingly, it is **RECOMMENDED** that Judge Byron revise the prescreening process set forth in Case No. 6:21-cv-1547-PGB-EJK to include additional restrictions on Jo's ability to file with this Court.

### <u>NOTICE TO PARTIES</u>

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on July 9, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties